UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD PATTERSON,

        Petitioner,               Case Number: 5:07-CV-14211

v.                                     HON. JOHN CORBETT O'MEARA

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PETITIONER'S MOTION FOR RECONSIDERATION; AND (3) DIRECTING RESPONDENT TO FILE RESPONSIVE PLEADING**

Petitioner Donald Patterson, a state inmate currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Now before the Court are Respondent's Motion for Summary Judgment and Petitioner's Motion for Reconsideration. For the reasons set forth below, the Court denies Respondent's Motion for Summary Judgment and Petitioner's Motion for Reconsideration and orders Respondent to file a responsive pleading.

**I.**

Following a jury trial in Bay County Circuit Court, Petitioner was convicted of third-degree criminal sexual conduct. On October 28, 2002, Petitioner was sentenced to 7 to 15 years' imprisonment.

He filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his conviction. *People v. Patterson*, No. 244691 (Mich. Ct. App. Apr. 27, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on November 22, 2004. *People v. Patterson*, No. 126357 (Mich. Nov. 22, 2004).

On February 13, 2006, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied on January 1, 2007. *People v. Patterson*, No. 02-001071-FH (Bay County Circuit Court Jan. 1, 2007).

Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both Michigan appellate courts denied leave to appeal. *People v. Patterson*, No. 285948 (Mich. Ct. App. June 18, 2007); *People v. Patterson*, No. 134365 (Mich. Sept. 24, 2007).

Petitioner filed the pending petition for a writ of habeas corpus on September 28, 2007.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward

the limitations period.  28 U.S.C. § 2244(d)(2).  However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on November 23, 2004, the day after the Michigan Supreme Court denied leave to appeal his conviction.  *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included").  The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on February 20, 2005.  The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions.  *Id.* at 285.  Accordingly, the limitations period commenced on February 21, 2005.

Petitioner filed a motion for relief from judgment in the trial court on February 13, 2006.  That motion, a properly filed motion for collateral review, tolled the limitations period, with nine days remaining.  Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court, both of which denied leave to appeal.  The Michigan Supreme Court denied leave to appeal on September 24, 2007.  *People v. Patterson*, No. 134365 (Mich. Sept. 24, 2007).  The limitations period resumed running the following day, September 25, 2007.  Petitioner filed his habeas petition on September 28, 2007, with five days of the limitations period remaining.

Accordingly, the petition is timely.

### III.

Also before the Court is Petitioner's Motion for Reconsideration of Court's Order Enlarging Response Time.  Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).  While Petitioner disagrees with the Court's decision granting an enlargement of time, he fails to show that the Court's decision was based upon a palpable defect.  Accordingly, the Court will deny Petitioner's motion.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. # 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent shall file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the application for a writ of habeas corpus on or before **March 20, 2009**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration of Court's Order Enlarging Response Time [dkt. # 9] is **DENIED**.


                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  January 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 22, 2009, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager